| | |
|---|---|
| Steven N. Serajeddini, P.C. (*pro hac vice* admission pending) | Michael A. Condyles (VA 27807) |
| **KIRKLAND & ELLIS LLP** | Peter J. Barrett (VA 46179) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Jeremy S. Williams (VA 77469) |
| 601 Lexington Avenue | Brian H. Richardson (VA 92477) |
| New York, New York 10022 | **KUTAK ROCK LLP** |
| Telephone:     (212) 446-4800 | 901 East Byrd Street, Suite 1000 |
| Facsimile:     (212) 446-4900 | Richmond, Virginia 23219-4071 |
| | Telephone:     (804) 644-1700 |
| -and- | Facsimile:     (804) 783-6192 |

David L. Eaton (*pro hac vice* admission pending)
Jaimie Fedell (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North La Salle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LE TOTE, INC., *et al.*,[1] | ) | Case No. 20-33332 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) EXTENDING TIME TO FILE SCHEDULES
AND STATEMENTS OF FINANCIAL AFFAIRS, (II) AUTHORIZING
THE DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS
IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH
DEBTOR, (III) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED
LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,
(IV) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL
IDENTIFICATION INFORMATION, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* filed contemporaneously herewith. The location of the Debtors' service address is 250 Vesey Street, 22nd Floor, New York, New York 10281.

KE 67666533

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] respectfully state as follows in support of this motion (this "Motion"):

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"): (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 14 days, for a total of 28 days from the Petition Date, without prejudice to the Debtors' ability to request additional extensions for cause shown; (b) authorizing the Debtors to file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor; (c) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors in lieu of filing lists for each Debtor; (d) authorizing the Debtors to redact certain personal identification information; and (e) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court,

---

[2] A detailed description of the Debtors and their business, and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Ed Kremer, Chief Restructuring Officer of Le Tote, Inc., in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration or as later defined herein, as applicable.

2

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and rules 1007-1 and 9013-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules").

## Background

5. The Debtors are the combination of Le Tote—a venture-backed fashion rental subscription service founded in 2012 in San Francisco—and Lord & Taylor—the iconic luxury retailer which traces its origins to 1826 in New York. Le Tote purchased Lord & Taylor in a transaction which closed in November 2019. The Debtors operate both an online, subscription-based clothing rental service and a full-service fashion retailer with 38 brick-and-mortar locations and a robust e-commerce platform. In response to the COVID-19 pandemic the Debtors temporarily closed all retail locations in March 2020, although they continued to operate the Le Tote and Lord & Taylor websites. As COVID-19 restrictions relaxed, the Debtors have reopened their brick-and-mortar locations. The Debtors reported revenue of approximately $253.5 million for 2019. As of the Petition Date, the Debtors have approximately 651 employees and funded debt obligations of approximately $137.9 million.

6. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule

3

1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.   Cause Exists for Extending the Deadline by Which the Debtors Must File the Schedules and Statements.**

7.  Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within 14 days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(a)(5) and 1007(c), the Court has authority to extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c). Further, Local Bankruptcy Rule 1007-1(C) permits the Court to enter an order extending the Debtors' time to file their lists, schedules, and statements under the following circumstances:

> If no objection to the motion to extend the time for filing is timely filed with the Court, the Clerk shall enter an order extending time for filing to not later than the seventh day prior to the scheduled meeting of creditors. If the lists, schedules, statements, and other documents are not filed by said date, the Clerk shall enter an order dismissing the case.

LBR 1007-1(C). Here, good and sufficient cause for granting an extension of time to file the Schedules and Statements exists. To prepare the Schedules and Statements, the Debtors must compile information from books, records, and documents relating to the claims of thousands of creditors, as well as the Debtors' many assets, contracts, and leases across stores located nationwide. This information is voluminous and located in numerous places throughout the Debtors' organization. Collecting the necessary information requires an enormous expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term—when these resources would be best used to stabilize the Debtors' business operations.

8.  Although the Debtors, with the assistance of their professional advisors, are working diligently and expeditiously to prepare the Schedules and Statements, the Debtors'

4

resources are strained. Considering the amount of work entailed in completing the Schedules and Statements combined with the competing demands on the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial postpetition period, the Debtors likely will not be able to properly and accurately complete the Schedules and Statements within the required time period.

9. Prior to the filing of these chapter 11 cases, the Debtors focused on preparing for the chapter 11 filing, preparing the business to transition into chapter 11, and negotiating with the Debtors' significant creditor constituencies. Such efforts made it difficult for the Debtors to prepare the Schedules and Statements. The Debtors anticipate that they may require at least 28 days after the Petition Date to complete the Schedules and Statements. The Debtors therefore request that the Court extend the initial 14-day period for an additional 14 days, without prejudice to the Debtors' right to request further extensions, for cause shown.

10. The Debtors submit that the extensive amount of information that must be assembled and compiled, the multiple places where the information is located, and the hundreds of employee and professional hours required to complete the Schedules and Statements constitute good and sufficient cause for granting the requested extension of time. Further, in response to the COVID-19 pandemic, the Debtors were forced to layoff a number of employees and the Debtors' are operating at reduced capacity.

11. Courts in this district have regularly granted relief similar to the relief requested herein. *See, e.g.*, *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. V.A. May 15, 2020) (granting a 45 day extension); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Feb. 19, 2020) (granting 28-day extension); *In re LeClairRyan*, No. 19-34574 (KRH) (Bankr. E.D. Va. Sept. 4, 2019) (granting 30-day extension); *In re Gemstone Solutions Group, Inc.*,

No. 19-30258 (KLP) (Bankr. E.D. Va. Jan. 17, 2019) (same); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 21, 2017) (granting 45-day extension).[3]

**II.    Filing a Consolidated List of Creditors in Lieu of Submitting a Separate Creditor Mailing Matrix for Each Debtor is Warranted.**

12.    Unless a debtor's schedules of assets and liabilities are filed simultaneously with a chapter 11 petition, section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(H)(1) require a debtor to file a list containing the name and address of each creditor.  Specifically, Local Bankruptcy Rule 1007-1(H)(1) further states that debtors must submit this list of creditors either on a diskette in a computer readable format specified by the Office of the Clerk of the Court (the "Clerk") or via the Electronic Case Files ("CM/ECF") system.  Exhibit 5 to the Local Bankruptcy Rules ("Exhibit 5") specifies the format in which debtors must submit mailing matrices.

13.    There are thousands of creditors and parties in interest in these chapter 11 cases. The Debtors maintain lists of the names and addresses of all such entities on various computer software programs that permit the Debtors, or a third-party service provider on the Debtors' behalf, to print mailing labels for each such entity.  Additionally, the Debtors have sought to retain Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") as the Debtors' claims and noticing agent in these chapter 11 cases.[4]  Because the Debtors and Stretto will relieve the Clerk of the burden of sending notices to the Debtors' numerous creditors and parties in interest, the

---

[3]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

[4]   *See Debtors' Application for Entry of an Order Authorizing the Retention and Appointment of Stretto as the Claims and Noticing Agent to the Debtors,* filed contemporaneously herewith.

6

Debtors submit that the Clerk does not need the information provided in a mailing matrix formatted in accordance with Local Bankruptcy Rule 1007-1(H)(1) and Exhibit 5.

14. Compiling the information in the format required by Local Bankruptcy Rule 1007-1(H)(1) and Exhibit 5 would create an unnecessary administrative burden for the Debtors' estates. As a result, the Debtors request authority to submit a consolidated list of creditors in lieu of the mailing matrices.

### III. Filing a Single Consolidated List of the Debtors' 30 Largest Unsecured Creditors is Warranted.

15. Pursuant to Bankruptcy Rule 1007(d), a debtor must file "a list containing the name, address and claim of the creditors holding the 20 largest unsecured claims, excluding insiders." Here, compiling separate top creditor lists for each individual Debtor would consume an excessive amount of the Debtors' time and resources, and filing a consolidated list would more appropriately reflect the liabilities against the Debtors' operations on an enterprise level. Accordingly, the Debtors request authority to file a single, consolidated list of their 30 largest general unsecured creditors.

16. Courts in this district have regularly granted similar relief to the relief requested herein. *See, e.g.*, *In re Intelsat S.A.*, No. 20-32299 (KLP) (Bankr. E.D. V.A. May 15, 2020); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Feb. 19, 2020); *In re Gemstone Solutions Group, Inc.*, No. 19-30258 (KLP) (Bankr. E.D. Va. Jan. 17, 2019); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (E.D. Va. Sept. 21, 2017); *In re Penn Virginia Corp.*, No. 16-32395 (KLP) (Bankr. E.D. Va. May 12, 2016).[5]

---

[5] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

7

**IV.    Redaction of Certain Confidential Information of Individuals Is Warranted.**

17.    Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

18.    In addition, privacy protection regulations are being enacted in key jurisdictions. In 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation. Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each* *intentional* violation. Cal. Civ. Code § 1798.155. The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria: (i) annual gross revenue in excess of $25 million; (ii) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (iii) receives 50% or more of their annual revenues from selling consumers' personal information. Cal. Civ. Code § 1798.140(c)(1). Although the Debtors believe they qualify for an exception the CCPA, the statute is new and relatively untested, meaning there is no guarantee that the Debtors would not face CCPA liability.[6] In addition, the European

---

[6] In *Pier 1*, Judge Huennekens was aware that publishing certain unredacted documents on the docket could implicate serious CCPA issues: "the State of California has adopted very extensive privacy provisions that would cover something like this. And do we need -- I mean, and this does -- this company does business in California.

General Data Protection Regulation (the "GDPR"), which applies to all European Union member countries and protects all European Union member countries' citizens, imposes significant constraints on the disclosure of "personally identifiable information" (which includes home addresses of individuals).[7] Violators of the GDPR risk severe penalties. If an organization is found to have disclosed information in breach of the GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The GDPR may apply to the Debtors as certain of the Debtors' creditors, including vendors, are located in member countries of the European Union and may therefore be European Union citizens protected by the personally identifiable information disclosure regulations.

19. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the Creditor Matrix and Schedules and Statements, the home addresses of individual employees and customers because (a) such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, or stalking, and (b) disclosure risks violating the CCPA and the GDPR, exposing the Debtors to potential civil liability and significant financial penalties. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the

---

I mean, they're going to be concerns there, are there not?" Hr'g Tr. 43:2–6, *In re Pier 1 Imports, Inc.*, No. 20 30805 (KRH) (Bankr. E.D. Va. Mar. 13, 2020).

[7] Certain Debtor entities do business in the United Kingdom. The GDPR will continue to apply directly to the United Kingdom through, at a minimum, December 31, 2020.

chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[8]

20. The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"), counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and (b) upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases, any party in interest. The Debtors propose to list the applicable Debtors' business address for current employees and distribute any notices that are received and are intended for a current employee.

21. Numerous courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 cases. *See, e.g.*, *In re Intelsat S.A.*, No., 20-32299 (KLP) (Bankr E.D. V.A. May 15, 2020) (authorizing the debtors to redact personally identifiable information, including home addresses, of individuals from documents filed with the court); *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 17, 2020); *In re Clover Tech. Grp., LLC, et al.*, No. 19-12680 (KBO) (Bankr. D. Del. Feb. 4, 2020) (authorizing the debtors to redact personal identification information, including home address information, of all individuals on documents filed with the court); *In re McDermott Int'l, Inc.*, No. 20-30336 (DRJ) (Bankr. S.D. Tex. Jan. 23, 2020) (same); *Aegean Marine Petroleum Net. Inc., et al.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Jan. 22, 2020) (authorizing the debtors to redact personal information of individuals from schedules and statements); *In re Forever 21, Inc.*, No. 19-12122 (KG)

---

[8] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019) [Docket No. 4].

10

(Bankr. D. Del. Dec. 19, 2019) (authorizing the debtors to redact personally identifiable information, including home address information, in respect of employees listed on a creditor matrix); *In re Murray Energy Holdings Co.*, No. 19-56885 (JEH) (Bankr. S.D. Ohio Oct. 31, 2019) (authorizing the debtors to redact personally identifiable information of employees, including home address information, from documents filed with the court); *In re Dura Auto. Systems, LLC,* No. 19-06741 (RSM) (Bankr. M.D. Tn. Oct. 21, 2019) (same); *In re Jack Cooper Ventures, Inc.* No. 19-62393 (PWB) (Bankr. N.D. Ga. Aug. 9, 2019) (same); *In re White Star Petrol. Holdings, LLC,* No. 19-12521 (JDL) (Bankr. W.D. Ok., June 26, 2019) (same); *In re Specialty Retail Shops Holding Corp.*, No. 19-80064 (TLS) (Bankr. D. Neb. Jan. 16, 2019) (same); *see also In re CGG Holdings (U.S.) Inc.*, No. 17-11637 (MG) (Bankr. S.D.N.Y. June 14, 2017) (authorizing the debtors to omit from their statements and schedules certain personal information of certain current employees and former employees).[9]

22. Several courts recently expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information, including home addresses in particular. Recently, Judge Huennekens in *Pier 1*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, noted that:

> looking at the overriding policy and what we're trying to do in bankruptcy cases, it is not publish this information but protect these individuals. And this is just for their protection, and I think that it makes perfectly good sense. And I wouldn't be surprised if the rule was changed some time in the future to accommodate that.

Hr'g Tr. at 47:11–16, *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 13, 2020). In *Forever 21*, while also overruling the objection of the United States Trustee

---

[9] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

11

for the District of Delaware to the same redaction relief proposed here, Judge Gross noted that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

23.    For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with the CCPA, the home addresses of individuals listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court. Absent such relief, the Debtors (a) could be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their restructuring, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees and customers who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

### Waiver of Memorandum of Points and Authorities

24.    The Debtors respectfully request that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### Notice

25.    The Debtors will provide notice of this Motion via first class mail, facsimile or email (where available) to: (a) the Office of the United States Trustee for the Eastern District of Virginia, Attn: Kathryn R. Montgomery, Shannon F. Pecoraro, and Lynn A. Kohen; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents

under the Debtors' prepetition secured facilities and counsel thereto; (d) counsel to HBC US Holdings LLC and HBC US Propco Holdings LLC; (e) the Internal Revenue Service; (f) the office of the attorneys general for the states in which the Debtors operate; (g) the United States Attorney's Office for the Eastern District of Virginia; (h) the Securities and Exchange Commission; (i) the National Association of Attorneys General; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

26.    No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated:   August 2, 2020

/s/ Jeremy. S. Williams

| | |
|---|---|
| **KUTAK ROCK LLP** | **KIRKLAND & ELLIS LLP** |
| Michael A. Condyles (VA 27807) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Peter J. Barrett (VA 46179) | Steven N. Serajeddini, P.C. |
| Jeremy S. Williams (VA 77469) | (*pro hac vice* admission pending) |
| Brian H. Richardson (VA 92477) | 601 Lexington Avenue |
| 901 East Byrd Street, Suite 1000 | New York, New York 10022 |
| Richmond, Virginia 23219-4071 | Telephone:   (212) 446-4800 |
| Telephone:      (804) 644-1700 | Facsimile:     (212) 446-4900 |
| Facsimile:    (804) 783-6192 | Email:      steven.serajeddini@kirkland.com |
| Email:      Michael.Condyles@KutakRock.com | |
|              Peter.Barrett@KutakRock.com | -and- |
|              Jeremy.Williams@KutakRock.com | |
|              Brian.Richardson@KutakRock.com | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| *Proposed Co-Counsel to the Debtors* | David L. Eaton (*pro hac vice* admission pending) |
| *and Debtors in Possession* | Jaimie Fedell  (*pro hac vice* admission pending) |
| | 300 North La Salle Street |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:     (312) 862-2200 |
| | Email:  david.eaton@kirkland.com |
| |           jaimie.fedell@kirkland.com |
| | |
| | *Proposed Co-Counsel to the Debtors* |
| | *and Debtors in Possession* |

**Exhibit A**

**Proposed Order**

| | |
|---|---|
| Steven N. Serajeddini, P.C. (*pro hac vice* admission pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br><br>-and-<br><br>David L. Eaton (*pro hac vice* admission pending)<br>Jaimie Fedell (*pro hac vice* admission pending)<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>300 North La Salle Street<br>Chicago, Illinois 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200 | Michael A. Condyles (VA 27807)<br>Peter J. Barrett (VA 46179)<br>Jeremy S. Williams (VA 77469)<br>Brian H. Richardson (VA 92477)<br>**KUTAK ROCK LLP**<br>901 East Byrd Street, Suite 1000<br>Richmond, Virginia 23219-4071<br>Telephone:  (804) 644-1700<br>Facsimile:  (804) 783-6192 |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LE TOTE, INC., *et al.*,[1] | ) | Case No. 20-33332 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**ORDER (I) EXTENDING TIME TO FILE SCHEDULES**
**AND STATEMENTS OF FINANCIAL AFFAIRS, (II) AUTHORIZING**
**THE DEBTORS TO FILE A CONSOLIDATED LIST OF CREDITORS**
**IN LIEU OF SUBMITTING A SEPARATE MAILING MATRIX FOR EACH**
**DEBTOR, (III) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED**
**LIST OF THE DEBTORS' THIRTY LARGEST UNSECURED CREDITORS,**
**(IV) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONAL**
**IDENTIFICATION INFORMATION, AND (V) GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief,* filed contemporaneously herewith. The location of the Debtors' service address is 250 Vesey Street, 22nd Floor, New York, New York 10281.

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to extend the time period to file their Schedules and Statements, (b) authorizing the Debtors to file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (c) authorizing the Debtors to file a consolidated list of the Debtors' 30 largest unsecured creditors in lieu of filing lists for each Debtor, (d) authorizing the Debtors to redact certain personal identification information, and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

2. In accordance with section 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Bankruptcy Rule 1007-1, the time by which the Debtors shall file their Schedules and Statements is extended by an additional 14 days to a total of 28 days from the Petition Date, through and including August 30, 2020.

3. Such extension is without prejudice to the Debtors' right to request a further extension.

4. The Debtors are authorized to submit a consolidated list of creditors in lieu of submitting separate mailing matrices.

5. The Debtors are authorized to file a consolidated list of their 30 largest unsecured creditors in the Debtors' chapter 11 cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors.

6. The Debtors are authorized to redact (a) the home addresses of individual employees and customers listed on the Creditor Matrix, Schedules and Statements, or other document filed with the Court; *provided* that the Debtors comply with all representations in paragraph 20 of the Motion, and (b) the names and address information in respect of individuals protected by the CCPA and GDPR.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Order to (a) the Court, the U.S. Trustee, and counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and (b) upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, any party in interest, subject to the restrictions of the CCPA; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The

3

Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

7. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall create any rights in favor of or enhance the status of any claim held by any party in interest.

8. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

9. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

10. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____  
Richmond, Virginia

_____  
United States Bankruptcy Judge

WE ASK FOR THIS:

 /s/ *Jeremy S. Williams*
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
Brian H. Richardson (VA 92477)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:       (804) 644-1700
Facsimile:       (804) 783-6192

- and -

Steven N. Serajeddini, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

- and -

David L. Eaton (*pro hac vice* admission pending)
Jaimie Fedell (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North La Salle Street
Chicago, Illinois 60654
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

     /s/ *Jeremy S. Williams*